# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RANDALL S. GOULDING, as assignee )
of the original plaintiff, SECURITIES )
COUNSELORS, INC., )
　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　 ) No. 16 C 4860
　　v. )
　　　　　　　　　　　　　　　　　　 ) Magistrate Judge Sidney I. Schenkier
OSCEOLA GOLD, INC., a Delaware )
Corporation, and PIZZ, INC., )
a Nevada Corporation, )
　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants. )

## MEMORANDUM OPINION AND ORDER[1]

Securities Counselors, Inc. ("Securities Counselors") originally sued defendants Osceola Gold, Inc. ("Osceola Gold") and Pizz, Inc. ("Pizz") (collectively "defendants" or "counterplaintiffs") in Illinois state court. Defendants removed the action to federal court and filed a motion to dismiss (docs. # 1, 7). In response, Securities Counselors sought leave to file an amended complaint, and plaintiff Randall S. Goulding ("Mr. Goulding," "plaintiff" or "counterdefendant") as assignee of Securities Counselors was granted leave and filed a First Amended Complaint ("FAC") (docs. # 13: Motion to Amend; doc. # 16: First Amen. Compl.). The FAC asserts four counts—breach of contract, unjust enrichment, quantum meruit, and account stated—seeking recovery of $191,173.63 in fees for legal services plaintiff allegedly provided defendants. Defendants filed a motion to dismiss the FAC for failure to state a claim (doc. # 18), which this Court denied (doc. # 30).

---

[1] On November 3, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c), this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 25).

Thereafter, defendants filed an answer to the FAC, along with affirmative defenses and counterclaims (doc. # 31: Ans. to First Amend. Compl. Affirm. Def. and Counterclaims). Defendants-counterplaintiffs (whom, for convenience, we will refer to simply as defendants) pled seven affirmative defenses as well as the following counterclaims: (a) breach of contract in connection with an attorney-client agreement (I); (b) breach of contract in connection with a mining agreement (II); (c) fraud (III); (d) fraud in the inducement (IV); (e) fraudulent concealment by a fiduciary (V); and (f) constructive fraud in a contract (VI). Plaintiff now has moved to dismiss the counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike and dismiss defendants' affirmative defenses ("Motion to Strike and Dismiss") (doc. # 33: Motion to Strike and Dismiss). Plaintiff's motion is fully briefed (doc. # 34: Defs.' Resp.). For the reasons below, the Court grants in part and denies in part plaintiff's motion.[2]

### I.

The following allegations are taken from the defendants' affirmative defenses and counterclaims and are presumed true for purposes of the Motion to Strike and Dismiss. *See Deutsche Bank National Trust Co. v. Cannon*, No. 12 C 5225, 2016 WL 212488, at n. 2 (N.D. Ill.

---

[2] The briefing schedule we set provided for a response to plaintiff's motion, but not for a reply (doc. # 32). Nonetheless, on February 19, 2017, plaintiff filed a reply (doc. # 35) without seeking leave to do so. We caution plaintiff that in the future we will summarily strike briefs that are not filed in accordance with the schedule set by the Court and for which leave to file has not been sought or granted.

Nonetheless, the Court has considered the arguments raised in the reply, which in the main rehash arguments raised in the motion. One new argument that plaintiff raises is that defendants have no business asserting a counterclaim against him, because Securities Counselors, Inc., and not Mr. Goulding, were parties to the contracts in question (doc. # 35: Reply at 2, ¶ 5). This argument ignores that Mr. Goulding filed an amended complaint in his name, as assignee of the original plaintiff Securities Counselors. Plaintiff has offered no authority to explain why, as the assignee, he is not subject to the defenses and counterclaims that defendants could have raised against Securities Counselors. To the contrary, it is well settled in Illinois "the assignee . . . takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *JPMorgan Chase Bank, N.A. v. PT Indah Kiat Pulp and Paper Corporation, Tbk*, 02 C 6240, 2009 WL 3367388, * 4 (N.D. Ill. Oct. 14, 2009) (quoting *John O. Shofield, Inc. v. Nikkel*, 731 N.E.2d 915, 925 (Ill. App. Ct. 2000).

Jan. 19, 2016); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

Defendants and Mr. Goulding entered into a contract for Mr. Goulding to provide legal services to bring a mining project public as set forth in the parties' Attorney-Client Agreement dated April 28, 2015 (the "Attorney-Client Agreement") (Counterclaim I, ¶ 1).[3] Mr. Goulding allegedly misrepresented that he was in good standing with the Financial Industry Regulatory Authority ("FINRA") (Counterclaim III, ¶ 1). Defendants claim that Mr. Goulding knew, at the time he made this misrepresentation, that he was not in good standing with FINRA because he had been suspended from the practice of law for fraud against the United States in 1994, and was at the time currently engaged in litigation in which the Securities and Exchange Commission was accusing him of securities fraud (*Id.*, ¶ 5). As a consequence of Mr. Goulding not being in good standing, FINRA would not accept an opinion for a name change, symbol change or reverse split and, therefore, Mr. Goulding failed to perform these services which were required under the Attorney-Client Agreement. (*Id.*, ¶ 3; Counterclaim I, ¶ 4). Mr. Goulding also failed to make the necessary filings to make the public company OTC Pink current with OTC Markets; nor did he make the initial filings to obtain DTC eligibility (Counterclaim I, ¶¶ 5-6).

Defendants allege that, in addition, Mr. Goulding was unable to perform a reverse merger with Counter Development Technologies, Inc. ("ENTI"), or deliver ENTI without debts or lawsuits as required under the Attorney-Client Agreement, even though he had falsely represented that he would be able to deliver the ENTI vehicle (*Id.*, ¶ 3). Mr. Goulding allegedly

---

[3]The Court can consider the Attorney-Client Agreement and the Mining Rights/Stock Purchase Agreement for purposes of plaintiff's motion as plaintiff attached copies of these documents to his FAC (docs. # 18-2, 18-3). *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (in considering a motion to dismiss, "district courts are free to consider ... exhibits attached to the complaint, Fed.R.Civ.P. 10(c), or documents referenced in the pleading if they are central to the claim").

3

knew, at the time of the representation, that he would not be able to deliver ENTI because he owed ENTI's owner a considerable sum of money and the owner would not deliver the ENTI vehicle without payment, which Mr. Goulding could not secure (Counterclaim III, ¶ 6).

Defendants and Mr. Goulding entered into a second contract entitled Mining Rights/Stock Purchase Agreement (the "Mining Agreement"), pursuant to which Mr. Goulding was to provide legal services in an effort to bring a mining project public (Counterclaim II, ¶ 1). Mr. Goulding failed to perform on the Mining Agreement by failing to deliver a 1934 Act reporting company and to make necessary 1934 Act filings (*Id.*, ¶¶ 3-4).

## II.

As a federal court sitting in diversity, we apply Illinois state substantive law to determine the elements of the claims that have been pled, as defendant argues that Illinois applies and plaintiff does not argue otherwise. *Goesel v. Boley Intern. (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) *citing Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). However, we apply federal procedural rules and federal case law interpreting those rules. *Id.*[4]

In assessing a motion to strike, the Court considers Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "While the Seventh Circuit has not addressed whether the *Twombly–Iqbal* standard applies to affirmative defenses, judges in this district have generally found these

---

[4] Plaintiff, an attorney, should remember this well established law for future litigation in this matter. While the majority of plaintiff's arguments lack any citation to legal authority, plaintiff spent two pages citing Illinois state statutes and case law on standards to apply to a motion to dismiss in Illinois state court. Illinois case law defining standards applicable to a motion to dismiss under 735 ILCS § 5/2-615 do not govern in this Court.

requirements to apply." *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015); *Maurice Sporting Goods, Inc. v. BB Holdings, Inc.*, No. 15 C 11652, 2016 WL 4439948, at * 1 (N.D. Ill. Aug. 23, 2016) ("The Court—along with many others in this district—examines affirmative defenses by reference to *Twombly*'s 'plausibility' pleading standard").

At the same time, we apply these standards mindful that motions to strike affirmative defenses are "disfavored" unless they serve to "remove unnecessary clutter from the case." *Heller Financial*, 883 F.2d at 1294. "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) *quoting Heller Financial*, 883 F.2d at 1294. A motion to strike an affirmative defense "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Williams*, 944 F.2d at 1400 (*citations and quotations omitted*). We address plaintiff's motion to strike defendants' affirmative defenses in Section III below.

In assessing plaintiff's motion to dismiss, we consider Federal Rule of Civil Procedure 12(b)(6). Motions to dismiss pursuant to Rule 12(b)(6) challenge the sufficiency of a pleading. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A Rule 12(b)(6) motion to dismiss a counterclaim is subject to the same standards as a motion to dismiss a complaint. *See Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). The Court construes all well-pleaded allegations of the counterclaims in the light most favorable to defendants, accepting as true all well-pleaded facts, *United Central Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016), and drawing all reasonable inferences in their favor. *White v. Keely*, 814 F.3d 883, 887-88 (7th Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), not only must a counterclaim provide fair notice of the claim's

basis, but it also must allege enough facts to show that, on its face, the requested claim is plausible, and not just possible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also* Fed.R.Civ.P. 8(a)(2). While the counterclaim need not set forth "detailed factual allegations," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a claim alleges fraud, the federal rules add an elevated pleading standard, which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Federal Rule of Civil Procedure 9(b), *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). The Seventh Circuit has described this standard as requiring a complaint to "describe the 'who, what, when, where, and how' of the fraud— 'the first paragraph of any newspaper story.'" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (*citations omitted*). "While Rule 9(b) 'does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Camasta*, 761 F.3d at 737 *quoting Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

The Seventh Circuit has warned that "'courts and litigants often erroneously take an overly rigid view of the formulation' and that the precise details that must be included in a complaint 'may vary on the facts of a given case.'" *Presser*, 836 F.3d at 776 (*citations omitted*). "Nevertheless, plaintiffs must 'use some ... means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Id. quoting* 2 James Wm. Moore et al, Moore's

Federal Practice § 9.03[1][b], at 9-22 (3d ed. 2015). We address plaintiff's motion to dismiss in Section IV below.[5]

### III.

Plaintiff moves to strike all of defendants' affirmative defenses (Motion to Dismiss and Strike at 5-11). Defendants pled seven affirmative defenses: (1) failure to state a claim; (2) breach of fiduciary duties; (3) unclean hands; (4) frustration of purpose - Attorney Client Agreement; (5) frustration of purpose—Mining Agreement; (6) illegality—Mining Agreement; and, (7) fraudulent inducement (Ans. to First Amend. Compl, Affirm. Def. and Counterclaims at 4-6).

### A.

We begin with defendants' First Affirmative Defense, which states in a conclusory fashion that "[p]laintiff has failed to state a claim on which relief may be granted." The Court agrees with plaintiff that "'failure to state a claim' is not technically an affirmative defense, 'because it does not raise any matter outside of Plaintiff's complaint.'" *Wylie v. For Eyes Optical*

---

[5] We note that with respect to each of defendants' affirmative defenses and counterclaims, plaintiff offers not a single citation to authority, which plaintiff should understand subjects him to the risk of forfeiting his argument as undeveloped. *Diamond v. Chulay*, 811 F.Supp. 1321, 1335 (N.D. Ill. 1993) *quoting U.S. v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) (*emphasis in original*) ("A litigant who fails to press a point by supporting it with *pertinent* authority or by showing why it is a good point despite a lack of authority ... forfeits the point. We will not do his research for him"). *See also Kramer v. Stelter*, 588 F.Supp.2d 862, n.4 (N.D. Ill. 2008) *quoting U.S. v. Wantuch*, 525 F.3d 505, n. 5 (7th Cir. 2008) ("'It is not the obligation of this court to research and construct the legal arguments open to parties"). Plaintiff's reply does little to cure this defect. While the Court will address plaintiff's arguments, future motions should include proper legal support.

In addition, plaintiff persistently quarrels with the factual accuracy of the defendants' pleadings. We admonish plaintiff that a motion to dismiss or strike tests only whether claims or affirmative defenses are sufficiently pled, and are not meant to determine whether the allegations that are made ultimately will be proven. *See Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14 C 8978, 2017 WL 395698, at *3 (N.D. Ill. Jan. 30, 2017) (denying motion to strike that related to the "merits of the affirmative defense ... not the sufficiency of the pleadings" holding "[c]ourts generally construe such motions as premature"); *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 493453, at *2-3 (N.D. Ill. Aug. 16, 1995) (denying motion to strike affirmative defenses holding much of plaintiff's motion "appears to confuse the merits of Defendant's affirmative defense with Defendant's pleading obligations under" the federal rules); *Bullar v. Archway Skydiving CTR., Inc.*, 11 C 0468, 2013 WL 12049093, at *3 (S.D. Ill. May 16, 2013) ("a motion to strike is an improper vehicle for determining the sufficiency of th[e] evidence").

Co., No. 11 C 1786, 2011 WL 5515524, at *2 (N.D. Ill. Nov. 10, 2011) *quoting LaSalle Bank Nat'l Ass'n v. Paramont Properties*, 588 F.Supp.2d 840, 860-861 (N.D. Ill. 2008); *see also Winforge, Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) ("a defense is an affirmative defense ... 'if the defendant bears the burden of proof' under state law"). Moreover, defendants' answer, of which their affirmative defenses are a part, denies the material allegations supporting plaintiff's claims, making their statement that plaintiff has failed to state a claim redundant pursuant to Rule 12(f). *See E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (dismissing "failure to plead a claim" affirmative defense, finding it "meaningless" and "surplusage").

For these reasons, we dismiss defendants' First Affirmative Defense with prejudice.

### B.

Defendants' Second Affirmative Defense alleges plaintiff had a fiduciary duty to them based on his status as their attorney, and that he breached this duty in several specific ways—including by concealing material facts concerning his ability to practice before FINRA—and that this breach bars plaintiff's claims (Ans. to First Amend. Compl. Affirm. Def. and Counterclaims at 4). We note that breach of fiduciary duty is a proper affirmative defense to contract and quasi-contract claims, including unjust enrichment claims. *Sobel v. Franks*, 633 N.E.2d 820, 828-829 (Ill. App. Ct. 1994). "To establish a breach of fiduciary duty under Illinois law, a [party] must show that '(1) a fiduciary duty exists; (2) the fiduciary duty was breached; and (3) the breach proximately caused the injury of which the plaintiff complains.'" *nClosures Inc. v. Block and Co., Inc.*, 770 F.3d 598, 603 (7th Cir. 2014) *quoting Ball v. Kotter*, 723 F.3d 813, 826 (7th Cir. 2013) *citing Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000).

Plaintiff concedes that Securities Counselors owed defendants a fiduciary duty (Motion to Dismiss and Strike at 6). However, Mr. Goulding moves to strike this affirmative defense by arguing that defendants failed to allege "reasonable reliance," which Mr. Goulding argues is required for this defense (*Id.* at 7). Plaintiff further argues that defendants failed to articulate how the alleged breach of fiduciary duty means that defendants do not have to pay for legal services that were rendered (*Id.*). Plaintiff is wrong on both scores.

*First*, as set forth above, reasonable reliance is not an element of a breach of fiduciary duty claim. Plaintiff cannot properly seek to strike an affirmative defense for failure to allege something that defendants are not required to allege or prove.

*Second*, defendants were not required to plead why a proven breach of fiduciary duty "somehow means that the defendants do not have to pay for legal services," because Illinois law squarely states that breach of fiduciary duty is a valid affirmative defense to claims by an attorney seeking recovery of unpaid legal fees. *See Tucker Firm, LLC v. Alise*, No. 11 C 1089, 2012 WL 252790, at *6 (N.D. Ill. Jan. 25, 2012) (denying motion to strike breach of fiduciary duty affirmative defense reasoning it could defeat one or more of plaintiff law firm's breach of contract, *quantum meruit*, unjust enrichment, or conspiracy to breach contract claims seeking recovery of allegedly outstanding legal fees). *See also Kirkland & Ellis v. CMI Corp.*, 95 C 7457, 1999 WL 92257, at *9-13 (N.D. Ill. Feb. 11, 1999) (denying motion for summary judgment on breach of fiduciary duties affirmative defense to action seeking alleged unpaid legal fees). "'It lies within the equitable discretion of the trial court to determine the appropriate remedy for breach of a fiduciary duty.'" *ICD Publications, Inc. v. Gittlitz*, 24 N.E.3d 898, 913 (Ill. App. Ct. 2014) *quoting Tully v. McLean*, 948 N.E.2d 714, n. 1 (Ill. App. Ct. 2011).

For the foregoing reasons, plaintiff's motion to strike or dismiss defendants' Second Affirmative Defense is denied.

C.

In the alternative to his breach of contract claim, Mr. Goulding seeks recovery of legal fees pursuant to equitable remedies of unjust enrichment and *quantum meruit* for legal services, including work with FINRA. In their Third Affirmative Defense, defendants allege that plaintiff acted in bad faith when contracting for services by failing to disclose, among other things, his inability to work with FINRA and thus should be barred from recovery under the doctrine of unclean hands (Ans. to First Amend. Compl. Affirm. Def. and Counterclaims at 5). Plaintiff argues that defendants failed to adequately plead this defense by failing to articulate how the unclean hands doctrine means they do not have to pay for legal services incurred.

"'The doctrine [of unclean hands] applies if the party seeking equitable relief is guilty of misconduct, fraud or bad faith toward the party against whom relief is sought if that misconduct is connected with the transaction at issue.'" *Connecticut General Life Ins. Co. v. Grand Ave. Surgical Center, Ltd.*, 181 F.Supp.3d 538, 547 (N.D. Ill. 2015) (*citations omitted*) (applying Illinois law). "The unclean hands doctrine prevents a plaintiff—any plaintiff—who engages in misconduct, fraud or bad faith directed at the defendant in connection with the matter being litigated from receiving any relief from a court of equity." *Prospect Development, LLC v. Kreger*, 55 N.E.3d 64, 73 (Ill. App. Ct. 2016). The doctrine "is intended to prevent a party from taking advantage of its own wrong." *Fox v. Seiden*, 53 N.E.3d 1005, 1018 (Ill. App. Ct. 2016).

Again, defendants are not required to plead precisely why unclean hands, if proven, bars recovery by plaintiff when Illinois law makes clear that this relief would apply. Plaintiff's motion to strike or dismiss defendants' Third Affirmative Defense is denied.

## D.

Plaintiff seeks to strike defendants' Fourth and Fifth Affirmative Defenses—frustration of purpose with regard to the Attorney Client Agreement and frustration of purpose with regard to the Mining Agreement—asserting that: (1) "fatal" to these claims is the failure to allege that plaintiff should have anticipated the frustrating event; (2) "reasonable reliance" is required for this defense; and, (3) defendants failed to allege how either of the "unanticipated" events frustrated the purpose of either contract (Motion to Dismiss and Strike at 8). While plaintiff fails to cite any authority in support of these arguments, the Court's own review of the relevant case law reveals that the first two arguments must be rejected, but that the third has merit.

Under Illinois law, "the affirmative defense of commercial frustration ... requires: (1) a frustrating event not reasonably foreseeable, that (2) totally or almost totally destroys the value of the party's performance." *Sunshine Imp & Exp Corp. v. Luxury Car Concierge, Inc.*, No. 13 C 8925, 2015 WL 2193808, at *5 (N.D. Ill. May 7, 2015). There is no requirement that defendants allege plaintiff did or should have anticipated the frustrating event; nor is there a "reasonable reliance" requirement.

While defendants have adequately alleged lack of foreseeability of the frustrating event, they have not adequately plead the second element. In the Fourth Affirmative Defense, defendants allege that they did not anticipate that the corporate entity, ENTI, could not be delivered to defendants as contemplated by the Attorney-Client Agreement and that this failure to deliver "frustrated the purpose of the Contract" (Ans. to First Amend. Compl, Affirm. Def. and Counterclaims at 5). In their Fifth Affirmative Defense, defendants allege that they did not anticipate that plaintiff, "could not deliver legal services" as contemplated by the Mining Agreement. (*Id.*). However, defendants fail to allege that the failure to deliver ENTI or plaintiff's

11

inability to deliver legal services "totally or almost totally" destroyed the value of plaintiff's performance. We therefore strike and dismiss defendants' Fourth and Fifth Affirmative Defenses, but without prejudice to defendants repleading them if they can do so consistent with Rule 11.

E.

In their Sixth Affirmative Defense, defendants allege that (1) plaintiff and defendants entered into the Mining Agreement, which is a "contract to 'rent' a publically traded vehicle for the purpose of making a new publically-traded vehicle, after which the original vehicle would be returned to the original owners," and (2) this contract was "an illegal scheme to distribute" under Federal Securities laws and is thus unenforceable (Ans. to First Amend. Compl, Affirm. Def. and Counterclaims at 5-6). Plaintiff moves to strike defendants' Sixth Affirmative Defense arguing defendants failed to articulate the details of the alleged illegality or how the alleged illegality means defendants do not have to pay for legal services incurred (**Motion to Dismiss and Strike at** 10).

We disagree. While they did not cite the securities law that was allegedly violated, these allegations put Mr. Goulding on "fair notice of what the ... [affirmative defense] is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "'[t]he law of Illinois provides a defense to the enforcement of a contract if that contract is illegal either as a matter of Illinois or Federal law.'" *ADM Investor Services, Inc. v. Collins*, No. 05 C 1823, 2006 WL 2598205, at *4 (N.D. Ill. Sept. 6, 2006), *quoting Nutri-Pro, Inc. v. Phelps*, 526 N.E.2d 891, 892 (Ill. App. Ct. 1988); *See also, Gamboa v. Alvarado*, 941 N.E.2d 1012, 1017 (Ill. App. Ct. 2011) ("Courts will not enforce ... a contract that expressly contravenes either Illinois or Federal law .... Illegality of contract is, therefore, a defense to

actions seeking enforcement of a contract"). "In addition, Illinois courts will not enforce contracts that violate regulations promulgated under federal law." *ADM Investor*, 2006 WL 2598205, at *4.

For these reasons, the Court denies plaintiff's motion to strike the Sixth Affirmative Defense.

### F.

In their Seventh Affirmative Defense, defendants allege Mr. Goulding misrepresented material facts "with respect to the availability of ENTI, the reporting status of [PhyHealth Corp.], Plaintiff's status with FINRA, and Plaintiff's criminal record" (Ans. to First Amend. Compl, Affirm. Def. and Counterclaims at 6). They further allege that these material facts induced them to enter into the Attorney-Client Agreement and the Mining Agreement, and that in so doing, they reasonably relied on Mr. Goulding as their attorney (*Id.*). Plaintiff moves to strike defendants' Seventh Affirmative Defense, arguing that defendants failed to plead: (1) reasonable reliance; (2) how the asserted defense would excuse defendants from paying their legal fees; and (3) more generally, with the specificity required by Federal Rule of Civil Procedure Rule 9(b).

The first two arguments are without merit. Under Illinois law, defendants' reliance was justifiable "where 'circumstances were such to make it reasonable for [defendants] to accept [Mr. Goulding's] statements without an independent inquiry or investigation.'" *Equity Builders and Contractors, Inc. v. Russell*, 406 F.Supp.2d 882, 889 (N.D. Ill. 2005) *quoting InQuote Corp. v. Cole*, No. 99 C 6232, 2000 WL 1222211, at *3 (N.D. Ill. Aug. 24, 2000). Defendants allege that they reasonably relied on Mr. Goulding who "as their attorney," "garnered a position of trust and confidence" (Ans. to First Amend. Compl, Affirm. Def. and Counterclaims at 6). Plaintiff's assertion that defendants' reliance could not have been reasonable because the alleged

13

misrepresentations could have been uncovered through publicly available sources (Motion to Strike and Dismiss at 10) is a non-starter on a motion to strike. Under Illinois law, "[i]t is generally held that fraud may be predicated on false representation or concealments, although the truth could have been ascertained by an examination of public records." *Citizens Sav. and Loan Ass'n v. Fischer*, 214 N.E.2d 612, 616 (Ill. App. Ct. 1966). "In the absence of circumstances putting a reasonable person on inquiry, a person is justified in relying on a misrepresentation of a material fact without making further inquiry." *Id*. "'Whether an injured party justifiably relied upon defendants' words or silence depends on the surrounding circumstances' and is a question of fact that is best left to the trier of fact." *Abazari v. Rosalind Franklin University of Medicine and Science*, 40 N.E.3d 264, 277 (Ill. App. Ct. 2015) (*citations omitted*).

Equally unavailing is plaintiff's unsupported argument that this affirmative defense should be stricken for failure to plead how the defense excuses defendants from paying their legal fees. Under Illinois law, "[f]raud in the inducement of a contract is a defense that renders the contract voidable at the election of the injured party." *Cannon v. Burge*, 752 F.3d 1079, 1092 (7th Cir. 2014) *citing Jordan v. Knafel*, 880 N.E.2d 1061, 1069 (Ill. App. Ct. 2007).

However, the Court agrees with plaintiff that defendants' fraudulent inducement affirmative defense must be stricken because it fails to meet the heightened pleading standard under Rule 9(b). Under Rule 9(b), a party pleading fraud must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated" to defendants. *Camasta*, 761 F.3d at 737. The purpose of this heightened pleading requirement is not to provide the target of a fraud claim with enough information to prepare a defense, but rather to force the accuser "to do more than the usual investigation before filing" their pleading. *Ackerman v. Northwestern Mut. Life*

*Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Greater pre-pleading investigation is warranted in fraud cases because public charges of fraud can do great harm to a party's reputation, and "because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, and because charges of fraud ... frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships." *Id.* (*citations omitted*).

Defendants did not address this argument. As set forth above, defendants allege plaintiff made certain misrepresentations, and they set forth the substance of the alleged misrepresentations of material facts. However, the problem is that defendants more or less stopped there: they fail to state when these alleged misrepresentations took place, where they took place, and how the alleged misrepresentations were communicated to defendants. The complete lack of allegations regarding the time, place and manner of plaintiff's alleged misrepresentations renders the affirmative defense insufficiently pled. *See Gandhi v. Sitara Capital Management, LLC*, 721 F.3d 865, 870 (7th Cir. 2013) (affirming dismissal of fraud claims that failed to allege timing of statements, place where statements were made, or the manner by which the statements were communicated); *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 784 (7th Cir. 1999) (affirming dismissal based in part on complaint's lack of "references to the specific times or places of [the] alleged misrepresentations").

Accordingly, the Court grants plaintiff's motion to strike defendants' Seventh Affirmative Defense. The defense is dismissed without prejudice, however, and defendants have leave to refile their fraudulent inducement affirmative defense if they can meet the heighted pleading standards in Rule 9(b) consistent with Rule 11.

## IV.

Defendants assert six counterclaims: (1) breach of contract – Attorney-Client agreement; (2) breach of contract – Mining Agreement; (3) fraud; (4) fraud in the inducement; (5) fraudulent concealment by fiduciary; and (6) constructive fraud in a contract (Ans. to First Amend. Compl. Affirm. Def. and Counterclaims at 4-6). Plaintiff moves to strike all six counterclaims (Motion to Dismiss and Strike at 11-15).

## A.

While conceding defendants pled the existence of the attorney-client and mining contracts, and that they performed these contracts "in all material ways," plaintiff argues that Counterclaims I and II are insufficient because "they conspicuously fail to indicate how it is that [defendants] performed in all ways material to" the contracts (Motion to Dismiss and Strike at 11-13). This argument is squarely contradicted by Federal Rule of Civil Procedure 9(c), which permits parties to generally allege that all conditions precedent have been performed or have occurred. *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987); Fed.R.Civ.P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed"). *See also Byczek v. Boelter Companies, Inc.*, 264 F.Supp.2d 720, 723 (N.D. Ill. 2003) (citing *Redfield*, where counterclaim alleged party "fully performed its obligations under the Agreement," court rejected plaintiff's argument that counterplaintiff failed to allege facts establishing it performed its own contractual obligations and denied motion to dismiss breach of contract counterclaim). Mr. Goulding's motion to dismiss Counterclaims I and II is denied.

## B.

Mr. Goulding moves to dismiss Counterclaims III through VI, which assert claims of fraud, fraud in the inducement, fraudulent concealment by fiduciary, and constructive fraud in a contract, arguing that defendants fail to sufficiently plead justifiable reliance because the information was publicly available, fail to plead with the specificity required by Rule 9(b) for fraud claims, and challenge the merits of the allegations. These arguments have all been previously raised and addressed by the Court. For the reasons set forth above in Section III(F), *supra*, the Court grants plaintiff's motion to dismiss Counterclaims III through VI for failure to plead these fraud claims with the specificity required by Rule 9(b). These counterclaims are all dismissed, without prejudice to defendants seeking to replead them if they can do so consistent with Rule 11.

## **CONCLUSION**

Plaintiffs' motion to Dismiss and Strike (doc. # 33) is granted in part and denied in part. Defendants' First Affirmative Defense is dismissed with prejudice. Defendants' Fourth, Fifth and Seventh Affirmative Defenses, and Counterclaims III-VI are dismissed without prejudice.

Plaintiff's motion to strike defendants' Second, Third and Sixth Affirmative Defenses and motion to dismiss Counterclaims I and II is denied. Defendants are given until March 14, 2017 to replead if they are able to do so consistent with Rule 11.

.

                                      **ENTER:**

                                      _____

                                      **SIDNEY I. SCHENKIER**
                                      **United States Magistrate Judge**

**DATE: February 21, 2017**