IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL S. GOULDING, as assignee of the original plaintiff, SECURITIES COUNSELORS, INC., | : : : : | |
| Plaintiff, | : : | Case No. 1:16-cv-04860 |
| v. | : : | |
| OSCEOLA GOLD, INC. a Delaware Corporation, PIZZ INC., a Nevada Corporation, | : : : | Magistrate Judge Sidney I. Schenkier |
| Defendants. | : : | |

**FINAL PRETRIAL ORDER**

Pursuant to the Minute Entry Before the Honorable Sidney I. Schenkier, Document Number 46, dated June 21, 2017, and in accordance with Magistrate Judge Schenkier's Case Procedures, the Parties respectfully submit this Final Pretrial Order.

This Order includes the following categories: Jurisdiction, Case Statement, Stipulations, Witness Lists, Exhibition Lists, Estimate of Trial Time, Damage Itemization and proposed Motions *In Limine*.

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/Randall S. Goulding | /s/Joshua D. Brinen |
| Randall S. Goulding | Joshua D. Brinen |
| Law Offices of Randall S. Goulding & Associates | Brinen & Associates, LLC |
| 1333 Sprucewood Lane | 90 Broad Street, Second Floor |
| Deerfield, Illinois 60015 | New York, New York 10004 |
| (847) 948-5431 Telephone | (212) 330-8151 Telephone |
| (484) 450-5130 Fax | (212) 227-0201 Fax |
| rsg@gouldinglaw.com | jbrinen@brinenlaw.com |
| *Appearing Pro Se* | Attorneys for Defendants |

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE:

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Randall S Goulding, as assignee for the original plaintiff, Securities Counselors, Inc., an Illinois Professional corporation, <br>     Plaintiff, <br>         v. <br> Osceola Gold, Inc., <br>     a Delaware corporation, <br> Pizz Inc., <br>     a Nevada corporation, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:16-cv-04860 <br> ) <br> ) Judge Sidney I. Schenkier <br> ) <br> ) <br> ) |

**FINAL PRETRIAL ORDER**

**Jurisdiction**

Pursuant to 28 U.S.C §1332(a), the Court has jurisdiction as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

**Case Statement**

Plaintiff will represent himself at trial.

Joshua Brinen of Brinen & Associates, LLC will represent Defendants at trial.

Plaintiff asserts claims for breach of contract, unjust enrichment, quantum meruit, and account stated.

Defendants assert, as affirmative defenses, breach of fiduciary duties, unclean hands, and illegality - Mining Agreement.

Defendants assert, as counterclaims, breach of contract in connection with an attorney-client agreement and breach of contract in connection with the Mining Agreement.

**Stipulations**

The Parties have not reached any stipulations.

**Witness Lists**

<u>Plaintiff will call</u>
Himself (also as an expert witness within the purview of Rule 26(a)(2)(C) as opposed to 26(a)(2)(B))

The topic of his expert testimony will include the value of the public entity, the value of the mining rights agreement to an entity that is publicly traded, the value of bringing Osceola Gold public, the value of the legal services performed by SCI and the fact that they were necessary for the Defendants, the benefit to the Defendants, the fact that the Defendants were unjustly enriched at the expense of SCI. The expert testimony will further include the importance and the ethical requirements that SCI resigned under the circumstances perpetrated by the Defendants – when the Defendants made a false, misleading statement in the form of a press release and refused to retract it, especially given the magnitude of announcing a $20,000,000 influx of capital, thus violating 15 USCS Section 78j of the Securities Exchange Act of 1934 and Section 17 CFR 240.10b-5 Employment Of Manipulative And Deceptive Devices. The expert testimony will further include that Rule 1.16 of the Illinois Rules of Professional Conduct and of the Model Rules of Professional Conduct of the American Bar Association, necessitated that SCI distance itself from the fraud committed by the Defendants, including to avoid being associated with the very fraud that SCI attempted to prevent. Accordingly, Plaintiff felt compelled to withdraw from representing the Defendants to avoid being involved in a fraud and to avoid even the appearance of being involved in the Defendants' fraudulent misrepresentations concerning the fictitious financing arrangements.

Plaintiff may call

Sebastian Dufort
15 East 5th St., Hinsdale, Illinois 60521

Robert Trinka
P.O. Box 5578, Alpharetta, Georgia 30023-3627

Christopher Tarquinio
3040 Glendwell Road, Steubenville, Ohio 43952

Patrick Pizzoferrato
980 Efts Lane, Steubenville, Ohio 43953

Tracy Pizzoferrato
980 Efts Lane, Steubenville, Ohio 43953

James McHenry
515 Jener, Plymouth Michigan 48170

Glen Merendino
217 Dogwood Ln., Lincroft NJ 07738

Raymond F. Purdon
26 Broad St, Red Bank, New Jersey 07701

Josephine Tarquinio
250 Norris St., Steubenville, Ohio 43952

Gerald Griesel

336 36th St. #131Bellingham, WA 98225.

Dr. Ian Mynatt
8785 Icicle Rd., Leavenworth, WA 98826

Randolph Hudson
1138 Shady Run, Henderson, Nevada 89011

Thomas More
240 Nine Lane Hill, Newport Beach, California 92663
260 Cagney Lane #208, Newport, California 92663.

Myron (Jim) Cupp
22536 Chestnut Tree, Novi, Michigan 48375

Steven A. Holper
9155 Tamarus, Las Vegas, Nevada 89123

Kara K. Holper
9155 Tamarus, Las Vegas, Nevada 89123

Shannon Newby
20 F Street, 7th Floor NW, Washington, D.C. 20001

Solomon Jalloh
20 F Street, 7th Floor NW, Washington, D.C. 20001

David Rumbold
200 W. Olive St., Wyoming, Illinois 61491

Monica Klenczar
221 Happy Canyon Road, Pahrump, Nevada 89048
4775 S. Durango Drive, Ste. 200, Las Vegas, Nevada 89147

Carl N. Duncan (also an expert witness within the purview of Rule 26(a)(2)(C) as opposed to 26(a)(2)(B))
5718 Tanglewood Drive, Bethesda, Maryland 20817
The topic of his expert testimony will include the value of the public entity, the value of the mining rights agreement to an entity that is publicly traded, the value of bringing Osceola Gold public, the value of the legal services performed by SCI and the fact that they were necessary for the Defendants, the benefit to the Defendants, the fact that the Defendants were unjustly enriched at the expense of SCI. The expert testimony will further include the importance and the ethical requirements that SCI resigned under the circumstances perpetrated by the Defendants – when the Defendants made a false, misleading statement in the form of a press release and refused to retract it, especially given the magnitude of announcing a $20,000,000 influx of capital, thus violating 15 USCS Section 78j of the Securities Exchange Act of 1934 and Section 17 CFR 240.10b-5 Employment Of Manipulative And Deceptive Devices. The expert testimony will further include that Rule 1.16 of the Illinois Rules of Professional Conduct and of the Model Rules of Professional

3

Conduct of the American Bar Association, necessitated that SCI distance itself from the fraud committed by the Defendants, including to avoid being associated with the very fraud that SCI attempted to prevent. Accordingly, Plaintiff felt compelled to withdraw from representing the Defendants to avoid being involved in a fraud and to avoid even the appearance of being involved in the Defendants' fraudulent misrepresentations concerning the fictitious financing arrangements.

Defendants will call

Tracy Pizzofferrato, as Corporate Representative of Pizz, Inc.
980 Efts Lane, Steubenville, Ohio 43953

Christopher Tarquino as Corporate Representative of Osceola Gold, Inc.
3040 Glendwell Road, Steubenville, Ohio 43952

Defendants may call

None.

PLEASE NOTE The following witness's deposition testimony will be presented at trial in the event of his unavailability:

> A) Plaintiff, RANDAL S. GOULDING. The following extracts of the Plaintiff's deposition testimony of April 13, 2017 will be read into evidence at the trial with leave of the court: p.26, line 26; p.27, lines 7-24; p.28, lines 7, 20-23; p.30, lines13-15; p.35, line 20; p.51, lines 8-15; p.53, lines 8-10; p.73, lines 3-8 and lines 9-18; p.75, lines 18-24; p.79, line 15; p.91, lines 8-14; p.92, lines 1-6 and lines 9-11; p.94, lines 1-8; p.99, lines 2-5; p.105, lines 8-20 and line 24; p.106, line 1; p. 109, lines 1-24; p.110, lines 11-24; p.112 lines 15-24; p.117, lines 5-7; p.120, line 1-9; p.138, lines 14-24; p.142, lines 18-21; p.143, lines 3-7; p.143; p.144, lines 10-15 and lines 15-20; p.146, lines 22-24 and line 24; p. 147, line 1, lines 6-13 and line 17; <u>p. 151, lines 1-10;</u> and lines 19-23; <u>p. 160, lines 2-21;</u> p. 166, lines 8-9; p. 172, lines 20-22; p.173, lines 1-9; p. 183, lines 2-7; p.181, lines 10-20; p.95, lines 15-24; p.96, lines 1-3; p.105, lines 8-20; p.106, lines 4-12; p.107, lines 2-8; p.108, lines 14-24; p.109, lines 1-24; p.110, lines 11-24; p.112, lines 1-5 and lines 15-24; p.113, lines 7-23; p.117, lines 5-7; p.120, lines 10-16; p.121, lines 1-2; and p.139, lines 2-14.
>
> B) No objections were recorded and or made by RANDAL S. GOULDING during his deposition testimony of April, 13 2017, including the above extracts.
>
> C) This deposition testimony is relevant and of probative evidentiary value in proving the Defendants' affirmative defenses and counter-claims in their Answer to the First Amended Complaint, Affirmative Defenses and Counter Claims of December 2, 2016.

**Exhibit Lists**

PX 1
Attorney-Client Agreement
April 28, 2015
This is the first agreement between the parties, for services to be rendered, in exchange for payment by the Defendants.
This represents one agreement with the Defendants, whereby they agreed to pay for the services in question and is one basis of liability.

PX 2
Mining Rights/Stock Purchase Agreement Incident to Reorganization
July 8, 2015
This is the superseding agreement between the parties, for services to be rendered, in exchange for payment by the Defendants.
This represents the agreement of the Defendants to pay for the services in question and is the principal basis of liability.

PX 3 (Group Exhibit)
Billing statements and invoices
November 10, 2015, March 19, 2016, March 19, 2016 invoices for services rendered and statement of amount due
The issuance of the billing statement and invoices is a fundamental component of each of the counts of the First Amended Complaint.

PX 4 (Group Exhibit)
Communications
From the inception of services rendered, on February 1, 2015 until March 2016, when Plaintiff terminated the relationship with the Defendants, for cause. These communications include a substantial amount of services provided by plaintiff for and on behalf of defendants.

PX 5 (Group Exhibit)
Documents, opinion letters that were prepared by Plaintiff on behalf of Defendants. These documents comprised of a substantial portion of the services provided by Plaintiff for and on behalf of Defendants.

DX 1
Electronic message entitled FINRA Preliminary review: PHY Health Corp (PYHH)
February 17, 2016
FINRA response to letter submitted by the Plaintiff regarding PHY Health Corp (PYHH), the issuer. This document stated that a mandatory second level review will need to be undertaken due to the Plaintiff's criminal history and, his ongoing SEC litigation for securities fraud.
The Electronic message from FINRA is relevant to the Plaintiff's inability to perform under the contracts and is probative as to the fact that Plaintiff didn't perform.

Plaintiff objects to the admission of this document, DX 1, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence as Plaintiff is authorized to practice before the Securities and Exchange Commission and is not barred from practice before FINRA. Moreover, the prosecution of a FINRA corporate action can be referred to another

5

attorney and can be pursued by another attorney. Therefore, this does not present an impediment to the services rendered or to be rendered. Accordingly, this is not relevant. Plaintiff is authorized to practice law and is in good standing with the Supreme Court of Illinois. Additionally, it is unduly prejudicial. Additionally, Plaintiff has pled that Plaintiff has fully performed for the amount claimed and that Defendants are in breach. Further Plaintiff has pled that Plaintiff and SCI were fully capable of performing.

DX 2
Complaint filed against the Plaintiff made by Securities Exchange Commission on March, 2009

Complaint filed against the Plaintiff made by Securities Exchange Commission is relevant to the Plaintiff's inability to perform under the contracts and is probative as to the fact that Plaintiff didn't perform.

Plaintiff objects to the admission of this document, DX 2, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence as Plaintiff is authorized to practice before the Securities and Exchange Commission, this complaint is a controversy still in litigation and does not present an impediment to the services rendered or to be rendered. The matter has not been concluded. Accordingly, this is not relevant. And Plaintiff is authorized to practice law and is in good standing with the Supreme Court of Illinois. Additionally, it is unduly prejudicial. Additionally, Plaintiff has pled that Plaintiff has fully performed for the amount claimed and that Defendants are in breach. Further Plaintiff has pled that Plaintiff and SCI were fully capable of performing.
DX 3
Attorney-Client Engagement Agreement sent by the Plaintiff to Mr. Christopher Tarquinio on March 25, 2015.

Attorney-Client Engagement Agreement is relevant as to the course of dealing of the Plaintiff with the Defendant(s) and is probative as to the damages and performance by the Plaintiff.

Plaintiff objects to the admission of this document, DX 3, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence. This was only a draft. It was not the final agreement executed by the parties.

DX 4
Retainer Agreement between Pizz Inc. and Securities Counsellors Inc. on April 13, 2015.

Retainer Agreement is relevant as to the course of dealing of the Plaintiff with the Defendant(s) and is probative as to the damages and performance by the Plaintiff.

Plaintiff objects to the admission of this document, DX 4, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence. This was only a draft. It was not the final agreement executed by the parties.

DX 5
Attorney-Client Engagement Agreement from SCI to Christopher Tarquinio on April 23, 2015

Attorney-Client Engagement Agreement is relevant as to the course of dealing of the Plaintiff with the Defendant(s) and is probative as to the damages and performance by the Plaintiff.

Plaintiff objects to the admission of this document, DX 5, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence. This was only a draft. It was not the final agreement executed by the parties.

DX 6
Bank statements of the Defendants detailing the payments made to SCI totaling Thirty Seven Thousand Five Hundred dollars ($37,500),
Statement period of June 1, 2015 to July 31, 2015
Bank statements of the Defendants detailing the payments made to SCI totaling Thirty Seven Thousand Five Hundred dollars ($37,500)

Bank statements from various funders are relevant to show partial payments against the flat-fees of the Attorney-Client engagements. Bank statements from various funders are probative as to the damages and performance by the Defendant.

Plaintiff objects to the admission of this document, DX 6, pursuant to Rule 402 - relevance; Rule 403 - undue prejudice or confusion, of the Federal Rules of Evidence, to the extent that they are not the bank statements of a Defendant.


**Estimate of Trial Time**

This is a bench trial.

The Parties estimate that the length of the trial is 24 hours.

**Damage Itemization**

Plaintiff asserts damages in the amount of $191,173.63, and, in addition, seeks costs and reasonable attorneys' fees.

Defendants assert damages in the amount of $1,142,902.91, and, in addition, seek costs and reasonable attorneys' fees.


**Motions *In Limine***

Plaintiff's Motions In Limine (any objections to be voiced at a later date)

1. That Defendants be barred from asking questions of any conduct of any witness or Plaintiff before the complained of conduct, including reputation evidence, where such conduct does not bear any relationship to the conduct alleged in the complaint.

7

2. That Defendants be barred from the introduction of any evidence of a past event, unrelated to the instant case, more than ten (10) years ago, relating to Plaintiff or any witness.

3. That Defendants be barred from asking questions of Plaintiff, or of any witness, seeking testimony of similar or dissimilar incidents, unless there is first a showing by the Defendants, that there is a connection between this line of questioning and the incident.

4. That Defendants be barred from asking questions of plaintiff or of any witness including expert witnesses, seeking testimony of similar or dissimilar incidents and any similar or dissimilar allegations outside those alleged in the within action, unless there is first a showing by Defendants, that there is a connection between this line of questioning and the incident.

5. Any reference to the fact that Plaintiff made an objection to interrogatories or document requests, or asserted a claim of privilege, during the pretrial phase of this case.

6. Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Plaintiff did not call to testify.

Defendants' Motions In Limine (any objections to be voiced at a later date)

1. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants before the complained of conduct, including reputation evidence, where such conduct does not bear any relationship to the conduct alleged in the complaint, anything which occurred more than seven (7) years ago.

2. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants of any reference to any unrelated prior or subsequent claims, suits or settlements, and their amount.

3. That Plaintiff be barred from the introduction of any evidence of a past event, unrelated to the instant case, more than seven (7) years ago, relating to any party or any witness.

4. That Plaintiff be barred from asking questions of Defendants or of any their witness including expert witnesses, seeking testimony of similar or dissimilar incidents and any similar or dissimilar allegations outside those alleged in the within action, unless there is first a showing by Plaintiff, that there is a connection between this line of questioning and the incident.

5. Any reference to the fact that Defendants made an objection to interrogatories or document requests, or asserted a claim of privilege, during the pretrial phase of this case.

6. Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Defendants did not call to testify.

7. That Plaintiffs be barred from asking questions of any conduct of any witness or Defendants alleging that SCI resigned when Defendants made a false, misleading statement in the form of a press release and refused to retract it.

8. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants

8

alleging that SCI instructed Defendants not to make the press release until such funding was actually received.

9. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that Defendants made the press release despite SCI's demand that it not be made.

10. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that SCI voiced its concerns that the press release was the commission of securities fraud.

11. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that when Defendants refused to retract the press release and/or issue a corrective statement to the marketplace, SCI resigned.

12. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that the Defendants did not retract that press release. The press release announced to the marketplace that $20,000,000 of financing was secured for the Defendants.

13. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that Defendants breached the agreements and violated their contractual obligations when they issued a false press release and refused to retract that false press release claiming "Osceola Gold, Inc. (f/k/a Phyhealth Corporation) (OTC PINK: PYHH) is pleased to announce it has secured a Twenty Million Dollars $20 million line of credit."

14. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that when SCI confronted Defendants regarding a false and fraudulent press release and threatened to resign if a corrective press release was not issued, Defendants refused to make any further payments.

15. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that each Defendant breached its implied duty of good faith and fair dealing by making a false and fraudulent press release and by then refusing to issue a corrective press release.

16. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that there was no requirement in either agreement that SCI continued to provide legal services, even legal services specified in the agreements with the consequent exposure to civil sanctions from the SEC.

17. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that SCI's withdrawal was appropriate and even mandated under the applicable Illinois rules of professional conduct.

18. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging SCI's withdrawal was appropriate and even mandated under the applicable American Bar Association Rules of Professional Conduct, applicable to the Client-Lawyer Relationship.

19. That Plaintiff be barred from asking questions of any conduct of any witness or Defendants alleging that the most important act prompting SCI to withdraw was the violation, by each Defendant, of Section 78j.

20. That Plaintiff be barred from acting as an expert witness in this case.

21. That Carl Duncan be barred from acting as an expert witness in this case as to the best of Defendant's knowledge, he is a shareholder in the assignor of the Plaintiff's claims.

August 31, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ Randall S. Goulding | /s/ Joshua D. Brinen |
| Randall S. Goulding, *pro se* | Joshua D. Brinen, Attorney for Defendants |
| Securities Counselors, Inc | BRINEN & ASSOCIATES, LLC |
| 1333 Sprucewood | 7 Dey Street, Suite 1503 |
| Deerfield, IL 60015 | New York, New York 10007 |
| 847-948-5431 | (212) 330-8151 |
| Randy@securitiescounselors.net | jbrinen@brinenlaw.com |
| Attorney No. 1025619 | |