IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL S. GOULDING, as assignee of the original Plaintiff, SECURITIES COUNSELORS, INC., | : : : : | |
| Plaintiff, | : : | Case No. 1:16-cv-04860 |
| v. | : : | |
| OSCEOLA GOLD, INC. a Delaware Corporation, PIZZ INC., a Nevada Corporation, | : : : | Magistrate Judge Sidney I. Schenkier |
| Defendants. | : : : | **DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| OSCEOLA GOLD, INC. a Delaware Corporation, PIZZ INC., a Nevada Corporation, | : : : | |
| Counter-Plaintiffs, | : : | |
| v. | : : | |
| RANDALL S. GOULDING, as assignee of the original Plaintiff, SECURITIES COUNSELORS, INC., | : : : : | |
| Counter-Defendant. | : : | |

Defendants Osceola Gold, Inc. and Pizz Inc. ("Defendants" and "Counter-Plaintiffs"), by and through their undersigned counsel, respectfully submit these proposed findings of fact and conclusions of law.

**Findings of Fact**

I.   Background

1. Nonparty Osecola Gold Inc., is a closed corporation that wished to go public and trade as a public entity existing under the laws of the State of Delaware, having a principal place of business in Steubenville, Ohio.

1

2. Defendant Osecola Gold Inc. f/k/a PhyHealth Corp. is a Delaware corporation that is currently a publically traded corporation.

3. Nonparty Osceola Gold, Inc. is now a wholly owned subsidiary of Defendant Osecola Gold Inc. f/k/a PhyHealth Corp.

4. Defendant Pizz Inc. is a closed corporation existing under the laws of the State of Nevada, having a principal place of business in Steubenville, Ohio.

5. Defendant Pizz Inc. is the principal shareholder of the nonparty Osecola Gold Inc. f/k/a PhyHealth Corp.

6. Original Plaintiff Securities Counselors, Inc. is an Illinois professional services corporation with its principal place of business in Deerfield, Illinois.

II. Civil Action

1. Securities Counselors, Inc. filed the initial complaint in the trial court for Cook County.

2. Defendants removed the action to the United States District Court for the Northern District of Illinois.

3. Plaintiff substituted in for Securities Counselors, Inc.

4. Plaintiff filed the within proceedings against Defendants on April 5, 2016 seeking relief for breach of contract, unjust enrichment, quantum meruit, and account stated.

5. Plaintiff seeks damages of $191,173.63 for the value of his professional services pursuant to the provisions of the Attorney-Client Agreement.

6. Defendants have fully defended Plaintiff's claims, asserted affirmative defenses and counter-claimed that Plaintiff has breached the Attorney-Client Agreement and the Mining Agreement.

    III.    <u>Attorney-Client Agreement</u>

7. Securities Counselors, Inc. held themselves out as attorneys who were specialized in securities and corporate transactional substantive areas of law.

8. Osceola Inc. relied on these representations and the professional knowledge and expertise of Plaintiff and his law firm Securities Counselors, Inc.

9. An engagement letter was drafted by Securities Counselors, Inc.

10. The parties entered into an Attorney-Client Agreement on April 28, 2015.

11. Defendants contracted with Plaintiff to bring Defendant Osceola Gold, Inc. to the public markets.

12. Defendants contracted for the services to be rendered by Plaintiff for a flat-fee of $87,500.

13. Defendants reserved the express right under the provisions of the Attorney-Client Agreement to terminate the contract for any reason.

14. The parties agreed that Plaintiff would bill Defendant approximately every thirty (30) days.

15. At no time did the parties agree that Plaintiff would invoice for his services by means of a monthly retainer or on an hourly basis.

16. At no time did Plaintiff notify Defendants that the services to be provided were outside of the scope of the flat-fee.

17. At no time did Plaintiff bill Defendants on an approximately thirty (30) day basis.

18. Plaintiff billed Defendants after approximately eight (8) months of activity.

19. Plaintiff did not complete the services expressly agreed upon in the Attorney-Client Agreement.

20. This necessitated that Defendants terminate the Attorney-Client Agreement in circumstances where Plaintiff has materially breached the contract.

21. Plaintiff at no stage elected to withdraw his professional services pursuant to the provisions of the Attorney-Client Agreement prior to being terminated.

IV      <u>Mining Rights Agreement</u>

1. Plaintiff and Defendants entered into a second agreement termed the Mining Rights Agreement.

2. The Mining Rights Agreement was executed by and between Plaintiff, each Defendant, and nonparty Osceola Gold, Inc.

3. The Mining Rights Agreement was executed by the prior Chief Executive Officer of Defendant Osceola Gold, Inc., Robert Trinka.

4. The Mining Rights Agreement superseded the Attorney-Client Agreement.

5. The Mining Rights Agreement provided that as a condition precedent to the obligations of all parties, Defendant Osceola Gold, Inc. under the control of the prior management and under the prior name, Phyhealth Corp. deliver audited financial statements for fiscal years 2012, 2013, 2014, to the nonparty Osceola Gold, Inc. and Defendant Pizz Inc.

6. The Mining Rights Agreement provided that any modifications to the Mining Rights Agreement be in a writing signed by all parties against whom the modification was charged.

7. This condition precedent was not fulfilled by the prior management prior to or at closing.

8. Plaintiff had not sought a waiver of the condition precedent at the time of the Mining Rights Agreement.

9. In the absence of a valid written waiver, the condition precedent suspended all obligations under the Mining Rights Agreement except the obligation to provide the audited statements.

V.      <u>Payments made by Defendants</u>

4

    1. Defendants and their agents paid Plaintiff approximately $77,000.00.

## Conclusions of Law

    1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and more than $75,000 is at issue.

    2. The Attorney-Client Agreement signed by Plaintiff and Defendant is an enforceable contract.

    3. The Attorney-Client Agreement has been materially breached by Plaintiff through Plaintiff's failure to issue bills in a timely manner.

    4. The Attorney-Client Agreement has been materially breached by Plaintiff as the Attorney's Billing failed to adequately substantiate the value of the services provided.

    5. The Attorney-Client Agreement has been materially breached by Plaintiff attempting to amend the agreement in changing the fee structure from a flat fee to a retainer in the absence of any valid binding consideration.

    6. The Attorney's Billing is barred by the express provisions of the attorney-client agreement.

    7. Defendant lawfully terminated the Attorney-Client Agreement with Plaintiff.

    8. Plaintiff did not terminate the Attorney-Client Agreement with Defendant.

    9. Plaintiff did not withdraw from the Attorney-Client Agreement with Defendant.

    10. The Mining Rights Agreement signed by Plaintiff and Defendant is an enforceable contract.

    11. All obligations to all parties under the Mining Rights Agreement were subject to a Condition Precedent.

    12. All modifications under the Mining Rights Agreement are required to be in a signed writing executed by the parties against whom the modification would be charged.

    13.    Plaintiff failed to obtain a waiver of the condition precedent.

Dated:    October 31, 2017

Respectfully submitted,

_____
Joshua D. Brinen
BRINEN & ASSOCIATES, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Defendants
